In that case the witness was competent at the time of his attestation, and having become disqualified whilst living, by being a party to the suit, his handwriting was the best proof which could reasonably be expected; but here the witness was incompetent from the beginning, and if she could not be admitted as a witness, much less ought her handwriting to be received as evidence; but if you can prove there was once such a man as that who has made his mark, and that he is now dead, or not to be found, and also that he used to make his mark in the manner that it appears to be made to this bond, it will be such a presumption as will let you into the further proof of the handwriting of the obligors. Coghlan v. Williamson, Doug., 93.
Whereupon plaintiff's attorney proved there was such a man, who was alive about the time of the date of the bond, in the neighborhood where it was given, and that he was dead; and that he used to make his mark as it appeared upon the bond; and that the name of the obligor was in the obligor's handwriting.
Verdict and judgment for plaintiff.
Cited: Devereux v. McMahon, 108 N.C. 145.